UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

MECHELLE WOODS, et al.,

                Defendants.

Case No. 2:18-cv-00964-JCC-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

      Plaintiff Gabriel Eckard, proceeding *pro se* and *in forma pauperis*, is a former Washington Department of Corrections (DOC) inmate who has filed a 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 7. Plaintiff is currently incarcerated in the Snohomish County Jail as a pretrial detainee on criminal charges in Snohomish County. Mr. Eckard now seeks Court appointed counsel. Dkt. 13. For the following reasons, the Court **DENIES** his motion.[1]

      Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections*

---

[1] Alternatively, Plaintiff asks the Court to order the Snohomish County Sheriff and Snohomish County Jail Chief to provide him with library access. However, the Court does not have jurisdiction over individuals who are not parties to this lawsuit.

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

*Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Mr. Eckard maintains the Court should appoint counsel for him because he cannot afford to hire counsel, his detention will greatly limit his ability to litigate, the issues involved are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, counsel will be better able to present his case at trial, and he is disabled and his "disability affects his ability to do the work involved in this case." Dkt. 13, p. 2. He states he as a "somatisation disorder which makes it physically and painfully difficult to do the physical work involved" and which causes "cognitive impairment as well." *Id.* Mr. Eckard also states that during his transfer to the Snohomish County Jail, he was unable to bring his legal materials and he does not have a copy of his complaint. *Id.*, pp. 1-2. In response to Mr. Eckard's claim that he is without his legal documents, Defendants sent Mr. Eckard copies of his complaint (Dkt. 7) Defendant's Answer and Affirmative Defenses (Dkt. 11), and the Court's October 5, 2018 Scheduling Order (Dkt. 12). Dkt. 14.

Mr. Eckard has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel. Both his complaint and the instant motion demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Mr. Eckard's claimed disability has not impaired his ability to articulate his claims thus far and, without further medical information, the Court is not able to assess how Mr. Eckard's medical condition may affect his abilities to litigate this case. Mr. Eckard's complaints regarding limited access to the law library and limited knowledge of the law are not exceptional circumstances as

he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs.

In addition, this is not a complex case involving complex facts or law as the case involves the question of whether defendants failed to properly respond to Mr. Eckard's request for outside yard and cleaning supplies. Dkt. 7. Moreover, Mr. Eckard has made no attempt to demonstrate that his complaint has merit.

Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion (Dkt. 13). The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants.

DATED this 14th day of December, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge